

# NUMBER 13-09-260-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| OLIVIA SALINAS, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF FRANCISCA PEREZ, DECEASED, ET AL., | Appellant, |
| v. | |
| CHRISTUS SPOHN HOSPITAL MEMORIAL, ET AL., | Appellees. |

**On appeal from the 94th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Vela
Memorandum Opinion by Justice Vela**

Appellant, Olivia Salinas, individually, and on behalf of the estate of Francisca

Perez, deceased, and on behalf of all wrongful death beneficiaries of Francisca Perez,

deceased, including, but not limited to, Olivia Salinas, Esparanza Gonzales, Julian Camacho and Manuel Camacho, filed suit alleging health care liability claims against Christus Spohn Hospital Memorial, Christus Spohn Hospital Corpus Christi, Christus Spohn Health System Corporation doing business as Spohn Memorial Hospital, Christus Spohn Hospital Memorial, Christus Spohn Hospital Corpus Christi, Christus Spohn Health System Corporation, Christus Spohn Health System, Spohn Memorial Hospital (collectively "Christus Spohn"), George Magel, M.D., Danell Stuckey, M.D., Robert Caro, M.D., and Darrick Nelson, M.D. We dismiss for lack of jurisdiction.

The trial court entered an order of non-suit disposing of the claims against Drs. Magel, Stuckey, Caro, and Nelson on January 24, 2009. On February 9, 2009, the trial court granted Spohn's plea to the jurisdiction. The order granting the plea to the jurisdiction, when combined with the earlier order of non-suit, disposed of all parties and issues in this case. Accordingly, the operative date for determining this Court's jurisdiction is February 9, 2009. *See* TEX. R. CIV. P. 306a. On March 12, 2009, appellants electronically filed their motion for reconsideration and new trial. Appellant's notice of appeal was electronically filed on May 8, 2009.

This Court sent a defect letter to appellant, notifying her that it appeared that the notice of appeal was late because the motion for new trial was untimely. Appellant was required to file a motion for new trial within thirty days after the judgment was signed. *Id*. at R. 329b(a). Appellant's deadline for filing the motion for new trial was March 11, 2009. *Id*. at R. 4. Rule 306a(1) provides that the "date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial . . ." *Id*. at R. 306a(1). Likewise, Texas Rule of

Civil Procedure 329b(a) provides that "[a] motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed." *Id*. at R. 329b(a). Further, Texas Rule of Appellate Procedure 26.1 provides that the deadline for any motion is calculated from the signing of the judgment. *See* TEX. R. APP. P. 26.1(a).

Appellant responded to the notice of defect, arguing that because the trial court notified her of its grant of the plea to the jurisdiction by facsimile on February 10, 2009, "three days were added to the time period for filing a motion for new trial." This is incorrect because it ignores the clear dictates of rules 306a and 329b(a) of the rules of civil procedure and rule 26.1 of the appellate rules. Similarly, appellant's reliance on the Waco court's decision in *In re Marriage of Brown,*187 S.W.3d 143 (Tex. App.–Waco 2006, no pet.) is not persuasive. In *Brown*, the motion for new trial was timely filed pursuant to the mailbox rule. *Id*. at 144. Here, however, the motion for new trial was electronically filed one day late. An untimely filed motion for new trial does not extend the deadline for appeal. *See* TEX. R. CIV. P. 329b(a) (providing that a motion for new trial "shall" be filed within thirty days after the judgment is signed).

Because the motion for new trial was untimely, appellant's notice of appeal was also untimely. *See* TEX. R. APP. P. 26.1(a). Therefore, we are without jurisdiction to consider this appeal and dismiss the cause for lack of jurisdiction.


ROSE VELA
Justice


Delivered and filed the 25th
day of February, 2010.